# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN LIGHTBOURNE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 22-4888 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## ANSWER TO (AMENDED) COMPLAINT

Defendant the United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Viveca D. Parker, Assistant United States Attorney for the Eastern District of Pennsylvania, submits its answer to the (Amended) Complaint filed in this action.

1. Defendant does not dispute that plaintiff John Lightbourne is an adult individual residing in the United States.

2. Defendant admits only that the USPS is an independent agency of the executive branch of the United States.

3. Defendant makes no response to the legal conclusions and allegation regarding presentment of an administrative claim contained in Paragraph 3 as no response is required. To the extent the allegations are deemed factual in nature by the court, Defendant admits that USPS received an administrative tort claim from Plaintiff John Lightbourne on February 23, 2022 and denied said claim on October 24, 2022. Defendant further admits that Exhibits A and B are true and correct copies of the Plaintiff's claim and the denial issued by the Postal Service. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 3.

4.     Defendant denies the allegations of paragraph 4. Defendant specifically denies that the USPS failed to deny plaintiff's administrative claim and thus dispose of the claim (plaintiff alleges, and defendant admits as much in the preceding paragraph); plaintiff's Exhibit B to the Complaint is a true and correct copy of the denial letter. The remaining allegations of paragraph 4 are legal conclusions to which no response is required. To the extent that a response is deemed required, defendant does not intend at present to contest venue or jurisdiction over the Complaint. The United States reserves the right to contest subject matter jurisdiction as to the Complaint should facts come to light that indicate that this Court lacks subject matter jurisdiction under the Federal Tort Claims Act.

5.     Defendant denies the allegations of paragraph 5 because after reasonable investigation but pending an opportunity to take discovery, defendant is without sufficient knowledge or information to form a belief as to their truth.

6.     Defendant admits only that the USPS operates a facility at 201 Blywood Avenue in Upper Darby, Pennsylvania.

7.     Defendant denies the allegations of paragraph 7 because after reasonable investigation but pending an opportunity to take discovery, defendant is without sufficient knowledge or information to form a belief as to their truth. Defendant specifically denies that it was negligent in any respect.

8.     Defendant makes no response to the legal conclusions contained in paragraph 8, as none is required. To the extent a response is deemed required, defendant admits only that the USPS operates a facility at 201 Blywood Avenue in Upper Darby, Pennsylvania.

9.     Defendant denies the allegations of paragraph 9 because after reasonable investigation but pending an opportunity to take discovery, defendant is without sufficient

knowledge or information to form a belief as to their truth. Defendant specifically denies that it was negligent in any respect.

10. Defendant admits only that the USPS operates a facility at 201 Blywood Avenue in Upper Darby, Pennsylvania. Defendant makes no response to the legal conclusions contained in paragraph 10 as none is required.

11. Defendant denies the allegations of paragraph 11 (a) through (l) as boilerplate non-case-specific legal conclusions to which no response is required. To the extent that paragraph 11 contains fact averments, defendant denies them, and specifically denies that it was negligent in any respect.

12. Defendant denies the allegations of paragraph 12 because after reasonable investigation but pending an opportunity to take discovery, defendant is without sufficient knowledge or information to form a belief as to their truth. Defendant denies both the allegation that such injuries and damages occurred and the allegation that Defendant was the cause of them. Defendant specifically denies that it was negligent in any respect.

13. Defendant denies the allegations of paragraph 13 because after reasonable investigation but pending an opportunity to take discovery, defendant is without sufficient knowledge or information to form a belief as to their truth. Defendant specifically denies that it was negligent in any respect.

14. Defendant denies the allegations of paragraph 14 because after reasonable investigation but pending an opportunity to take discovery, defendant is without sufficient knowledge or information to form a belief as to their truth. Defendant specifically denies that it was negligent in any respect.

15. Defendant denies the allegations of paragraph 15 because after reasonable

investigation but pending an opportunity to take discovery, defendant is without sufficient knowledge or information to form a belief as to their truth. Defendant specifically denies that it was negligent in any respect.

Further responding, defendant denies that plaintiff is entitled to any of the relief in the "WHEREFORE" clause and expressly denies that Plaintiff is entitled to a separate award for attorney's fees, prejudgment interest, or damages exceeding the amount sought in his administrative claim.

**WHEREFORE**, defendant the United States requests that this Court dismiss plaintiff's Complaint, enter judgment in its favor, that it be awarded costs incurred herein, and such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's causes of action and recovery of damages against the United States are subject to and limited by the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

### SECOND AFFIRMATIVE DEFENSE

The liability of the United States to plaintiff, if any, is limited to the amount of the plaintiff's administrative tort claim demand validly presented to the United States Postal Service.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not permitted to recover attorney's fees from the United States, and plaintiff's attorney's compensation, if contingent, is limited to 25% of the overall judgment against, or settlement with, the United States in this case.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiff's injuries, damages, and losses, if any, are due to his own negligence and carelessness that were greater than any negligence or carelessness of defendant the United States (which denies any negligence or carelessness), plaintiff is barred from recovery against the United States, in whole or in part, under Pennsylvania's comparative negligence statute, 42 P.S. § 7102.  To the extent that plaintiff was negligent to a lesser degree, the Court should reduce the damages by the degree to which plaintiff was negligent.  Defendant avers further that plaintiff was negligent in one or more of the following ways:

1. Failing to look where he was stepping;
2. Failing to use available handrails;
3. Proceeding too quickly under the circumstances.

To the extent that plaintiff's negligence was the principal cause of his alleged injuries, if any, he is not entitled to any recovery from the United States, and the portion of plaintiff's damages caused by his own negligence should be deducted from any judgment or recovery against the United States.

### FIFTH AFFIRMATIVE DEFENSE

Should plaintiff obtain judgment against the United States, which admits no liability, he is barred under 28 U.S.C. § 2674 from collecting any prejudgment interest or punitive damages from the United States.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial under 28 U.S.C. § 2402.  Federal Tort Claims Act liability is determined exclusively by the Court as the trier of fact of both liability and damages.

## SEVENTH AFFIRMATIVE DEFENSE

By his actions on the date, time, and place alleged in plaintiff's Complaint, plaintiff assumed the risk of any and all injuries and/or damages that plaintiff alleges he suffered.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

## NINTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to recover damages from defendant the United States in this action (which is not conceded), the United States is entitled to a credit or set-off for any payment of non-collateral source benefits, to the extent allowed under federal and state common and statutory law.

**WHEREFORE,** having fully answered plaintiff's Complaint, defendant requests that this Court dismiss plaintiff's Complaint, enter judgment in its favor, that it be awarded costs incurred herein, and such further relief as this Court deems just and proper.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*s/ Susan R. Becker for*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

Dated: March 6, 2023

*s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel: (215) 861-8443
Fax: (215) 861-861

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2023, a true and correct copy of the foregoing Defendant the United States' Answer to the Amended Complaint has been served via Electronic Court Filing (ECF) upon the following:

Neil Kerzner, Esq.
Larry Pitt and Associates, P.C.
409-11 S. 20th Street
Philadelphia, PA 19146
*Counsel for plaintiff*

*s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States Attorney